BURGESS, Appellant,

v.

TACKAS a.k.a. Terri Marino; Libby Aurora Trailer Park et al., Appellees.

[Cite as *Burgess v. Tackas* (1998), 125 Ohio App.3d 294.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71945.

Decided Jan. 20, 1998.

*Bevan & Economus, Dale S. Economus* and *James C. Watson,* for appellant.

*Stephen J. Protasiewicz, Brian D. Kerns* and *Terri Tackas,* for appellee Libby Aurora Trailer Park.

BLACKMON, Presiding Judge.

Yong Burgess, plaintiff-appellant, appeals the trial court's summary judgment in favor of Libby Aurora Trailer Park, Jack Glazer, Aaron Goldstein, Julius Glazer, and Joe Management Company, defendants-appellees. Burgess argues that the trial court erred in granting summary judgment, because she showed that appellees were negligent when they allowed Terri Tackas and Paul Marino to possess on their property two dogs in violation of the one-dog rule. This, she says, was the basis for her injuries when she was bitten by one of their dogs. She assigns the following error for our review:

"The trial court erred in granting defendants–appellees' motion for summary judgment."

Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.

Burgess was injured when she visited Tackas and Marino's trailer. She approached the door, and the dog named Rocky, a pit bull boxer or mastiff, attacked her. She was bitten on the head, face, legs, and hands. Her right hand was bitten through and permanently mangled.

Tackas and Marino also owned another dog, Cassandra, a rottweiler. She was with them when they first moved to the park in 1990. They later obtained Rocky in 1992. They never informed the appellees about the second dog.

Appellees' rules limited trailer park tenants to one dog and provided that additional pets were permitted with consent of the management.

Jack Glazer was in charge of enforcing the rules. He was the only owner who monitored the day-to-day operations of the trailer park. His son Michael Glazer works as an employee at the trailer park. Jack and Michael stated in their depositions that they did not know of Rocky's existence.

After the trial court granted the appellees' motion, Burgess moved for reconsideration. She attached to her motion an affidavit from Don Gould. Gould also lived in the trailer park and sometimes helped Jack and Michael Glazer doing odd jobs around the trailer park. He stated in his affidavit that prior to the attack on Burgess, he, Jack, and Michael encountered Rocky while they were leveling the roadway. Rocky was tied up outside the Marino trailer. Gould stated that Rocky "growled and barked * * * in a very menacing and threatening manner. * * * [I]f the dog had not been chained up it would have attacked us."

Burgess argues in this appeal that the trial court misinterpreted two cases from Butler County that defined the liability for trailer park owners and managers. Additionally, she argues that even if the court's interpretation is correct, she had sufficient evidence from which a reasonable jury could have ruled in her favor.

Our standard of review on summary judgment is *de novo*. We review the judgment of the trial court independently and without deference to its determination. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. The party seeking summary judgment must initially identify those elements of the nonmoving party's case which do not raise genuine issues of material fact and upon which the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. "[I]f the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth *specific facts* showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis added.) *Id.* We conclude that appellees did sustain their initial burden. Consequently, the burden moved to Burgess to establish that there were sufficient facts to show that appellees were harborers of the dog in question, that the dog was vicious, and that the defendant was negligent in keeping the dog. *Thompson v. Irwin* (Oct. 27, 1997), Butler App. No. CA97–05–101, unreported, 1997 WL 666079. (Thompson was decided after the two Butler County cases relied upon by the trial court and the parties, *Bundy v. Sky Meadows Trailer Park* (Oct. 23, 1989), Butler App. No. CA89–01–002, unreported, 1989 WL 125379, and *Heitman v. Sky Meadows Trailer Park* (Oct. 23, 1989), Butler App. No. CA89–05–067, unreported, 1989 WL 125381.)

■ Burgess has failed to show that appellees harbored the dog. For strict liability, Burgess is required under the dog-bite statute, R.C. 955.28(B), to show that appellees harbored the dog, and in a common-law claim not based on strict liability, she must show that appellees harbored the dog with knowledge of its vicious tendencies.

In order to show that appellees harbored Rocky, Burgess must show that they as landlords permitted the dog in the common areas. *Thompson* at 4, citing *Flint v. Holbrook* (1992), 80 Ohio App.3d 21, 25, 608 N.E.2d 809, 812.

■ *Thompson*, in resolving the issue of harboring, explained that a landlord can and should be liable only if the dog attacks someone in the common areas or in an area shared by both the landlord and the tenant. *Id.* at 4. If the tenant's dog is confined to the tenant's premises, the landlord cannot be said to have possession and control of the premises on which the dog is kept. *Id. Thompson* clearly limits the landlord's responsibility to the common areas or areas shared by both the landlord and tenant. Here, the dog was clearly on Tackas and Marino's property when the attack occurred. Thus, the landlord cannot be said to have harbored the dog.

■ Burgess, however, argues that the appellees had a one-dog rule, and this rule was clearly violated. Thus, appellees should be held to have acquiesced and possessed the dog. "A failure to properly enforce park rules does not constitute harboring an animal since the requisite mental intent is lacking. Further, establishing trailer park rules for the maintenance of animals or pets by one's tenants or residents, does not make one an 'owner, keeper or harborer of a dog.'" *Thompson, supra,* citing *Bundy, supra.*

■ Nevertheless, Burgess argues that appellees knew about the dog and knew that it was vicious. She offers Gould's affidavit as evidence of this fact. However, the determination as to whether a landlord is a harborer does not depend upon whether the landlord knew about the existence of the dog but depends on whether the landlord permitted or acquiesced in the tenant's dog being kept in common areas or in an area shared by both the landlord and the tenant. *Thompson, supra,* at 5.

■ In conclusion, this court is struck by some glaring differences in most of the cases decided to date. The majority of the dog-bite cases have occurred in the common areas. The rules that have been established forbid the dogs to roam over the common area. This case is unique because none of these facts exist. The dog was in the trailer when the attack occurred, and the rule limited the tenant to having one dog unless consent was given to have more. To hold the appellees liable would make them quasi owners and possessors of the tenant's trailer. It is well established that a lease transfers both possession and control of

the leased premises to the tenant. *Thompson, supra,* at 4, citing *Riley v. Cincinnati Metro. Hous. Auth.* (1973), 36 Ohio App.2d 44, 48, 65 O.O.2d 40, 42, 301 N.E.2d 884, 887. To follow Burgess's argument would abrogate this long- and well-established rule. Additionally, it would develop a standard that urges that if a trailer park has a rule and the rule is broken, regardless of the facts, the trailer park is strictly liable. We decline to establish such a rule. In order for a trailer park to be liable at common law, it must harbor, own, or keep a vicious dog with knowledge of its viciousness in an area common to the tenants or shared by both the park and the tenant. This is not the situation in this case, nor is this a strict-liability case. Consequently, we conclude that Burgess has failed to establish that the appellees harbored Rocky. Accordingly, the trial court was correct in its decision to grant summary judgment.

*Judgment affirmed.*

SPELLACY, J., concur.

O'DONNELL, J., concurs in judgment only.