[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiffs-appellants, Tanya and Kerrie Jowers, appeal the trial court's grant of summary judgment to defendants-appellees, Eastgate Village, Ltd. ("Eastgate") and Gilbert Jester.
We affirm.
On October 22, 1995, Tanya, age eleven, who lives with her mother, Kerrie, at a mobile home on Eastgate's lot one hundred eighty-three, was bitten by a dog inside a mobile home located at lot one hundred seventy-three. Tanya was there to visit her friend, Sara Smith, the daughter of Teresa Terry. The mobile home on that lot was one of several owned by Jester. Jester leased the mobile home (and subleased the lot) to Teresa Terry on February 4, 1994 for a one-year term. Eastgate took over ownership of the mobile home park in November 1994. Eastgate then adopted various rules, including rules requiring that dogs be registered, prohibiting dogs over twenty pounds, and providing that any dog biting other tenants was not permitted to remain on the premises. Terry's dog was not registered and may have been over the weight limit.
After taking over ownership, Eastgate sent Terry a notice giving her thirty days to remove her unregistered dog. When that violation was not remedied, both Terry and Jester were served notice of termination of rental agreement and notice to leave the premises. A forcible entry and detainer action was filed on April 28, 1995. Terry's rent was subsidized and she received representation from Legal Aid. Terry was still legally on the premises on the October 1995 date of the dog bite because a jury trial date for the forcible entry and detainer action had been set for December 1995.
On January 23, 1997, appellants filed suit against Terry, Jester, and Eastgate, alleging both common law and strict statutory liability pursuant to R.C. 955.[0] Jester and Eastgate filed separate motions for summary judgment. The trial court granted both motions, finding that as Eastgate and Jester were not "owners, nor keepers, nor harborers of the dog, they could not be held liable for the bite." Appellants have raised two assignments of error:
First Assignment of Error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE EASTGATE ON THE ISSUE OF LIABILITY FOR NEGLIGENCE WITH REGARDS TO INJURIES SUSTAINED AS A RESULT OF A DOG BITE TO APPELLANT, TANYA JOWERS.
Second Assignment of Error No.:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE MR. JESTER ON THE ISSUE OF LIABILITY FOR NEGLIGENCE WITH REGARDS TO INJURIES SUSTAINED AS A RESULT OF A DOG BITE TO APPELLANT, TANYA JOWERS.
Pursuant to Civ.R. 56(C), "the appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Ware housingCo. (1978), 54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo.Jones v. Shelley Co. (1995), 106 Ohio App.3d 440, 445.
In their first assignment of error, appellants argue that the trial court erred by granting Eastgate's motion for summary judgment on their negligence claim.[1] Appellants argue that Eastgate's "failure to properly enforce its own park rules and regulations" constituted a breach of a duty to appellants. In their second assignment of error, appellants argue that Jester also had a duty to enforce Eastgate's rules. Appellants argue that both Jester and Eastgate could be held liable as harborers of the dog. Because we find that appellants' claims against both appellees fail under the common law applicable to dog bite claims, we consider both assignments of error together.
In Ohio, a suit for damages resulting from a dog bite can be instituted under both statutory (strict liability pursuant to R.C. 955) and common law. Under the common law, a plaintiff suing for injuries inflicted by a dog must show that the defendant "owned or harbored the dog, that the dog was vicious, that the defendant knew of the dog's viciousness, and that the defendant was negligent in keeping the dog." Flint v. Holbrook (1992), 80 Ohio App.3d 21,25-26.
Appellants cite this court's decisions in Bundy v. SkyMeadows Trailer Park (Oct. 23, 1989), Butler App. No. CA89-01-002, unreported, and Heitman v. Sky Meadows Trailer Park (Oct. 23, 1989), Butler App. No. CA89-05-096, unreported. In those cases (both concerned the same dog and the same trailer park), the evidence indicated that the park had prior knowledge of the dog's "affinity to roam and bite" but took no action to enforce its rules against dogs roaming the premises. Both bites took place outside of the owner's premises.
These cases are inapposite. First, Eastgate did take action to enforce its own rules by sending notice and instituting the appropriate forcible entry and detainer action. Appellants' claim that because Terry was in violation of the park rules she was some how not a tenant entitled to such a statutory procedure is completely meritless. Second, and more importantly, this dog bite did not occur on premises over which Eastgate or Jester had control; rather, it took place inside the mobile home which was leased to and controlled by Terry.
In Thompson v. Irwin (Oct. 27, 1997), Butler App. No. CA97-05-101, unreported, this court decided a case involving a dog which had broken loose from its chain and had bitten the plaintiff while in a common area. The owner of the dog leased the mobile home from the park on an oral month-to-month tenancy. The plaintiff there fore contended that the park retained some control over the premises.
We rejected that contention, noting that in determining whether a landlord is liable as a harborer, the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives. A "`harborer' is one who is in possession and control of the premises and silently acquiesces in the dog being kept there by the owner." Id. at 2 (citation omitted). A lease transfers both possession and control of the leased premises to the tenant. Riley v. Cincinnati Metro. Hous. Auth.
(1973), 36 Ohio App.2d 44, 48. Thus, a landlord's liability as a harborer for injuries inflicted by a tenant's dog is limited to those situations in which the landlord permitted the tenant's dog in common areas. We quoted extensively in Thompson from Godsey v.Franz (Mar. 13, 1992), Williams App. No. 91WM0008, unreported, as follows:
 Whether a landlord is liable as a harborer for * * * injury inflicted by a tenant's dog depends upon whether the landlord permitted or acquiesced in the tenant's dog being kept in common areas or in an area shared by both the landlord and tenant. If the tenant's dog is confined only to the tenant's premises, the landlord cannot be said to have possession and control of the premises on which the dog is kept. If the dog gets loose and roams onto common areas without the landlord's permission, the landlord cannot be said to have acquiesced. Further, if the landlord has established rules for the maintenance of pets by his tenants, such rules militate against the finding of acquiescence. On the other hand, where the landlord acquiesces in the keeping of the tenant's dog in common or joint areas, by allowing it to use or roam freely over such areas, the two elements of acquiescence and possession and control are present, and the landlord may be held liable as a harborer. (Emphasis added.)
Applying this analysis, we stated in Thompson that "a failure to properly enforce park rules does not constitute harboring an animal since the requisite mental intent is lacking. Further, establishing park rules for the maintenance of animals or pets one's tenants or residents, does not make one an owner, keeper, or harborer of a dog." Thompson at 5.
The Eighth District Court of Appeals recently noted that in resolving the harboring issue, "a landlord can and should be liable only if the dog attacks someone in the common areas or in an area shared by both the landlord and the tenant." Burgess v.Tackas (1998), 125 Ohio App.3d 294, 297, quoting Thompson at 4.Burgess involved facts which are strikingly similar to those presented here. The bite occurred inside a mobile home and the plaintiff brought suit against the park and its employees. The evidence indicated that this was the owner's second dog and that the park employees knew of the dog's existence and of its viciousness. The park had a rule against owning more than one dog. However, the court affirmed summary judgment to the park and its employees, finding that no strict statutory liability or common law liability had been shown and to hold otherwise would "make [appellees] quasi owners and possessors of the tenant's trailer." Id.
Harmonizing the Sky Meadows decisions with the prevailing common law on dog bite liability, we note that the mobile home park's potential liability in those cases, though based partially on its failure to enforce its own rules, is best understood as a particular application of the general rule that harborer liability may be predicated on acquiescence in an owner's keeping or allowing dogs in common areas. As such, the decisions in the Sky Meadows cases do not support appellants' novel theory of liability.[2]
Here, the evidence showed that the bite occurred inside Terry's mobile home and not in common or joint areas. Even construing the undisputed facts and all inferences in their favor, appellants failed to establish that appellees were harborers of the dog. Accordingly, the trial court was correct in its decision to grant summary judgment, and appellants' assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[0] Terry is not a party to this appeal.
[1] Appellants have not challenged the summary judgment on grounds related to strict statutory liability pursuant to R.C. 955.
[2] Furthermore, appellants' argument that Jester and Eastgate failed to enforce other rules (on subleasing, on signing lease agreements, etc.) is meritless based on a common sense proximate cause analysis. If such rules had been enforced at the first possible opportunity, Terry and her dogmight have been off the premises before the date in question. However, such speculation cannot establish a cause of action where the applicable law on dog bite liability does not. We further note that Jester had been "grand fathered" exemptions from many of the rules appellants cite.