OPINION
{¶ 1} On May 10, 2001, Kristine A. Samas filed a lawsuit against Diva Holliman, Charles H. Mitchell and Doris S. Mitchell. Ms. Holliman had been a tenant of the Mitchells and was caring for two pit bulls when the dogs escaped from the property. The pit bulls attacked a dog owned by Kristine Samas who was injured while trying to separate the dogs.
 {¶ 2} Ms. Holliman was served a copy of the lawsuit, but did not file an answer. As a result, default judgment was granted against her.
 {¶ 3} The Mitchells filed an answer and denied any liability for the attack. Ultimately, summary judgment was granted in favor of the Mitchells.
 {¶ 4} Ms. Samas has now appealed the trial court's granting of summary judgment, and assigns two errors for our consideration:
 {¶ 5} "I. The trial court committed prejudicial error in granting appellees' motion for summary judgment since there were genuine issues of material fact and appellees were not entitled to judgment as a matter of law in that appellees' negligence was a proximate cause of appellant's injuries.
 {¶ 6} "II. The trial court committed prejudicial error in failing to grant appellant's motions for (1) leave to file a second amended complaint and (2) partial summary judgment, and (3) reconsideration."
 {¶ 7} When the Mitchells rented property to Ms. Holliman, they included a provision in the lease which barred her from having pets on the premises. Later they became aware that Ms. Holliman was harboring two dogs, but Ms. Holliman allegedly told the Mitchells that the dogs belonged to her son and that she was only caring for the dogs temporarily.
 {¶ 8} The trial court granted summary judgment based upon a finding that the Mitchells had no control over the premises where Ms. Holliman lived due to the fact that they had given control to Ms. Holliman by virtue of the lease. Counsel for Ms. Samas acknowledges that the Mitchells were landlords out of possession of the property, but urges that liability may be based upon the failure of the Mitchells to exercise the rights they had under the lease and the failure of the Mitchells to evict Ms. Holliman once she began caring for dogs on the premises.
 {¶ 9} When an appellate court reviews a case concluded at the trial level by summary judgment, it does so de novo, applying the same standards as required of the trial court. Ryberg v. Allstate Ins. Co. (July 12, 2001), Franklin App. No. 00AP-1243, citing Koos v. Central Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588.
 {¶ 10} Civ.R. 56(C) provides:
 {¶ 11} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *"
 {¶ 12} Summary judgment is thus appropriate where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. Ryberg, citing Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629.
 {¶ 13} The moving party bears the initial responsibility to inform the trial court of the basis for the motion, and to identify those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of one or more of the non-moving party's claims for relief. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the moving party satisfies this initial burden by presenting or identifying appropriate Civ.R. 56(C) evidence, the nonmoving party must then present similarly appropriate evidence to rebut the motion with a showing that a genuine issue of material fact must be preserved for trial. Morning View Care Ctr.-Fulton v. Ohio Dept. of Human Servs. (2002), 148 Ohio App.3d 518,531; 2002-Ohio-2878, at ¶ 39. The nonmoving party does not need to try the case at this juncture, but its burden is to produce more than a scintilla of evidence in support of its claims. McBroom v. Columbia Gas of Ohio, Inc. (June 28, 2001), Franklin App. No. 00AP-1110.
 {¶ 14} Ms. Samas advances both strict liability under R.C. 955.28(B) and common law negligence as theories to support her entitlement to recover for the broken arm and attendant damages that resulted from the attack by the pit bulls. To recover from the Mitchells under a strict liability theory, she must show that they harbored the dogs. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 297. R.C. 955.28(B) imposes liability only upon the owner, keeper or harborer of a dog that causes injury.[1]
To prevail on a common law claim, Ms. Samas must show that the Mitchells harbored the dogs with knowledge of their vicious tendencies. Tackas at 297; see, also, Cole v. Page (Feb. 11, 1994), Wood App. No. 93WD041. For these purposes, an owner is the person to whom a dog belongs, while a keeper has physical control over the dog. Flint v. Holbrook (1992),80 Ohio App.3d 21, 25. A harborer is one who has possession and control of the premises where the dog lives, and silently acquiesces to the dog's presence. Id. It is well established that a lease agreement transfers both occupation and control of the subject premises to the tenant. Tackas at 297-298; and Holbrook at 25. The evidence offered in opposition to the Mitchells' motion for summary judgment, even when viewed most favorably to Ms. Samas, fails to show that they owned, kept or harbored the pit bulls.
 {¶ 15} Based upon the record before us, we cannot find the Mitchells liable for Ms. Samas's injuries. The Mitchells apparently were unaware of the breed of the dogs being kept at their rental property. Nothing indicates that the dogs were vicious by temperament despite their breed. The dogs did not bite Ms. Samas, but one of them jumped up on her causing her to fall. Given Ms. Holliman's excuse in August that the dogs would be leaving the premises soon, we cannot find liability based upon the failure to immediately begin eviction proceedings. Indeed, we cannot know if an eviction could have become final between the Mitchells' learning that Holliman was still keeping the dogs in August and the time of Ms. Samas's injuries in the fall. See Parker v. Sutton (1991),72 Ohio App.3d 296, 300 ("If it is established that the landlord had knowledge of the vicious animal, the landlord may further avoid liability for injuries to third persons if the landlord had a reasonable belief * * * that insufficient time had passed for the landlord to take legal steps to abate the hazard.") Moreover, we are unaware of any cases, and Ms. Samas has not pointed to any, that imposed a duty on the Mitchells to commence an eviction action against Ms. Holliman. See Coward v. Fleming (1951), 89 Ohio App. 485, 494-495 ("In 4 Restatement of the Law of Torts, 296, the comment on Section 837 is as follows: `The lessor's liability does not extend to activities of the lessee which he neither consents to nor has reason to know are intended at the time he makes the lease. In respect to other activities of the lessee, the lessor has no duty to stop them, nor is he bound to terminate the lease even though he has a power to do so.'" [Emphasis sic]); and Feister v. Bosack (1993),198 Mich. App. 19, 24 ("The landlord `had no initial duty to protect [the plaintiff] and others from injuries caused by his tenants' escaped pit bulldog.' * * * Nor was the landlord liable for failure to evict a tenant with a dog `known by him to be dangerous.'" [quoting Wright v. Schum (1989), 105 Nev. 611, 613]).
 {¶ 16} After reviewing the record independently according to the standards outlined above, we conclude that the Mitchells were entitled to judgment as a matter of law. The trial court's granting of summary judgment was not error.
 {¶ 17} The first assignment of error is overruled.
 {¶ 18} The second assignment of error questions the trial court's ruling on three distinct motions. Because we have concluded that the trial court did not err in granting summary judgment in favor of the Mitchells, the court correctly denied the motion for partial summary judgment filed by Ms. Samas. The same principles discussed in connection with the first assignment of error apply and our analysis based upon those principles requires that result.
 {¶ 19} By denying the motion of Ms. Samas for leave to file a second amended complaint, the trial court refused to allow her counsel to add an additional claim for relief after the discovery cut-off set forth in the clerk's original case schedule. A first amended complaint had been filed with leave earlier in the proceedings. The essence of the additional claim was that the Mitchells failed to exercise ordinary care by not determining if their tenant had liability insurance as required of the owner, keeper or harborer of a vicious dog[2] under R.C. 955.22(E), and by not taking steps to evict the tenant after having reason to know that she did not have such insurance coverage.
 {¶ 20} A reviewing court applies an abuse of discretion standard when it considers a trial court's ruling on a motion for leave to amend pleadings. Morrison v. Gugle (2001), 142 Ohio App.3d 244, 262; and Silverman v. American Income Life Ins. Co. of Indianapolis, Inc. (Dec. 18, 2001), Franklin App. No. 01AP-338, 2001-Ohio-8890, at 6. An abuse of discretion will only be found where the trial court's decision is not supported by the record or is contrary to law. In the Matter of the Estate of Daily (Nov. 1, 1999), Madison App. No. CA99-03-011. Stated differently, the trial court's decision must lack a reasonable basis, or it must be clearly wrong in order to constitute an abuse of discretion. McDermott v. Tweel (Feb. 27, 2003), Franklin App. No. 02AP-784, 2003-Ohio-885, at ¶ 86, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Wilmington Steel Products, Inc. v. Cleveland Electric Illuminating Co. (1991), 60 Ohio St.3d 120,122; and In Re Jane Doe 1 (1991), 57 Ohio St.3d 135. This court's role is limited to determining if the trial court abused its discretion and the fact that we may have reached an opposite result will not justify reversing the trial court's decision. Wilmington Steel, supra, at 122.
 {¶ 21} Even though Civ.R. 15(A) provides that "[l]eave of court shall be freely given when justice so requires," and encourages liberal amendment, permission to amend may be properly denied in the absence of evidence to support additional, viable claims, Tweel, supra, at ¶ 27; or if the proposed amendment is not based upon newly discovered evidence. Gugle, supra, at 262. Similarly, denial of the opportunity to amend is justified if allowing the amended pleading would cause undue expense, delay or other prejudice to the opposing party, without an adequate reason for tardiness in requesting leave. Id.
 {¶ 22} The proposed amended complaint offered theories of recovery relating to the duty of an owner, keeper or harborer of a vicious dog to obtain liability insurance under the provisions of R.C. 955.22(E). It alleged that the Mitchells had an attendant duty to assure that their tenant complied with those provisions. We note, however, that at subparagraphs 14(d) and 14(f) in both the original complaint and the first amended version thereof, Ms. Samas alleged that Mitchells were negligent in failing to evict Holliman and in failing to require that Holliman comply with R.C. 955.22(E). The proposed second amended complaint does little more than restate the same allegations in more exact terms that specifically mention the insurance requirement.
 {¶ 23} In deciding to deny the motion for leave, the trial court focused on the timing of its filing on March 13, 2002 — a week after the discovery cut-off date and approximately two months prior to the scheduled trial date. The motion was filed concurrently with Ms. Samas's motion for partial summary judgment and the merits of the claims she sought to add were fully argued in support of partial summary judgment. As stated in support of her motion for reconsideration, the justification for any delay in requesting leave to amend was that facts supporting the allegations were elicited for the first time at depositions conducted January 22, 2002. However, Ms. Samas identified no newly discovered evidence beside the tenant's acknowledgement that she lacked insurance coverage; and, as discussed above, the circumstances of this case do not support a conclusion that the Mitchells had a duty arising from their status as landlords to protect her under either a strict liability or common law theory. Nor did she offer justification for the delay between the deposition and the filing of the motion for leave. We cannot say that the refusal to add the identified new theories of liability late in the proceedings was an abuse of discretion.
 {¶ 24} Counsel for Ms. Samas filed a motion to reconsider after the trial court issued its decision granting summary judgment in favor of the Mitchells, denying her leave to file a second amended complaint, and denying her own motion for partial summary judgment. The motion for reconsideration was filed before a judgment entry was journalized, so we do not view it as a procedural nullity as we would if reconsideration of a final order had been sought. See Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 379. Nonetheless, the arguments made in support of the motion for reconsideration are merely repetitive of those offered in support of the motions already decided. The denial of the motion to reconsider was wholly within the sound discretion of the trial court, and we do not find the denial of the motion to be an abuse of discretion.
 {¶ 25} For reasons set forth above, we cannot find prejudicial error in the trial court's overruling of the motions for partial summary judgment, for leave to file a second amended complaint, and for reconsideration.
 {¶ 26} The second assignment of error is overruled.
 {¶ 27} Both assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS and BRYANT, JJ., concur.
[1] In pertinent part, R.C. 955.28(B) provides: "The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog * * *."
[2] R.C. 955.11(A) defines "vicious dog," with certain enumerated exceptions, as one "that, without provocation * * * (i) Has killed or caused serious injury to any person; (ii) Has caused injury, other than killing or serious injury, to any person, or has killed another dog; (iii) Belongs to a breed that is commonly known as a pit bull dog * * *."