OPINION
{¶ 1} Defendant-appellant, Great Oaks Insurance Co., appeals a decision of the Butler County Court of Common Pleas granting judgment as a matter of law in favor of plaintiff-appellee, Cindy Pfeiffer, in a declaratory judgment action. We reverse the decision of the trial court.
 {¶ 2} There is no dispute as to the relevant facts in this case. Pfeiffer was injured in a single-car accident on September 2, 1999, while riding as a passenger in the personal vehicle of Todd Taylor. Taylor, who was at fault in the accident, was insured by Progressive Insurance. Progressive tendered its policy limit. At the time of the accident, Pfeiffer was employed by Hosea Concrete Construction, Inc. Hosea Concrete was insured by Great Oaks under a commercial insurance policy that included uninsured/underinsured motorist coverage. Pfeiffer was not acting with the scope or course of her employment when the accident occurred.
 {¶ 3} Pfeiffer filed suit seeking a declaration that she was an insured under Hosea Concrete's commercial insurance policy. Both parties moved for summary judgment. The trial court granted judgment in favor of Pfeiffer based in part on the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Fire Ins.Co., 85 Ohio St.3d 660, 1999-Ohio-292. Great Oaks appeals, raising a single assignment of error in which it is alleged that the trial court erred by granting judgment in favor of Pfeiffer.
 {¶ 4} Civ.R. 56(C) provides that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. An appellate court conducts a de novo review of a trial court's decision granting summary judgment. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296.
 {¶ 5} The trial court concluded that the insurance policy at issue was ambiguous in its definition of "who is an insured," and that under Scott-Pontzer, the policy must be interpreted as extending coverage to all of the corporation's employees. However, subsequent to the filing of the present appeal, the Supreme Court of Ohio limited the holding of Scott-Ponzter. As relevant to the present case, the court stated:
 {¶ 6} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within thecourse and scope of employment." Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, paragraph two of the syllabus (emphasis added).
 {¶ 7} Review of the insurance policy reveals no language which would provide coverage to appellee under the circumstances in this case. As it is undisputed that Pfeiffer was not acting within the course and scope of her employment when she was injured, she is not an insured under the insurance policy. Great Oaks is consequently entitled to judgment in its favor as a matter of law. The assignment of error is sustained.
 {¶ 8} The judgment is reversed.
Judgment reversed.
Powell, P.J., and Valen, J., concur.