OPINION
{¶ 1} Defendant-appellant and cross-appellee, Kimberly Justice, appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee and cross-appellant, Robert Justice, in his civil suit to recover money arising from Kimberly's actions. Robert, in turn, appeals the trial court's decision not to award treble damages and attorney fees. We affirm the trial court's decision.
 {¶ 2} Kimberly and Robert were divorced in May 2003. The divorce decree stated that the parties' respective individual bank accounts would remain in each parties' individual name and possession. The decree, however, did not specify what was to happen to their joint checking account at Midfirst Credit Union. After the divorce, Robert used the account for the direct deposit of his salary and automatic withdrawal of his mortgage payments. It was undisputed that he was the sole contributor to the balance of funds in the account.
 {¶ 3} On August 6, Kimberly withdrew $3,000 from the joint account without Robert's knowledge or consent. The following day, she withdrew an additional $3,880.28, leaving the account with only $5.00 remaining. Robert demanded that Kimberly return the money, but she failed to comply.
 {¶ 4} Robert filed a complaint alleging theft and conversion of the funds by Kimberly. Kimberly, proceeding pro se, wrote a letter that the trial court treated as her response. In her response, she argued that she had done nothing wrong because she was named as a rightful owner of the account when she withdrew the funds. Robert moved for summary judgment. Kimberly did not respond. The trial court granted summary judgment in favor of Robert and ordered Kimberly to return $6,879.96. Both parties appeal this decision.
 {¶ 5} Kimberly's brief fails to contain assignments of error as required by App.R. 16(A)(3) and Loc.R. 11. However, it is readily apparent that Kimberly challenges the trial court's decision granting summary judgment. Therefore, in the interest of justice, we construe Kimberly's brief as raising a single assignment of error in which she alleges that the trial court erred by granting summary judgment in favor of Robert.
 {¶ 6} Civ.R. 56(C) provides in part that summary judgment shall be rendered where 1) there is no genuine issue as to any material fact; 2) the moving party is entitled to judgment as a matter of law; and 3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in her favor. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. An appellate court's standard of review on appeal from a summary judgment is de novo. Burgessv. Tackas (1998), 125 Ohio App.3d 294, 296. An appellate court reviews a trial court's disposition of a summary judgment independently and without deference to the trial court's judgment. Id. In reviewing a summary judgment disposition, an appellate court applies the same standard as that applied by the trial court. Midwest Ford, Inc. v. C.T.Taylor Co. (1997), 118 Ohio App.3d 798, 800.
 {¶ 7} The type of evidence to be considered when ruling upon a motion for summary judgment are pleadings, depositions, affidavits, answers to interrogatories, written admissions, transcripts of evidence, and written stipulations of fact. Civ.R. 56(C). In the case at bar, Kimberly did not respond to Robert's motion for summary judgment. Where a motion for summary judgment is properly made and supported, the nonmoving party may not rest upon its pleadings, but instead, must produce evidence showing a genuine issue of fact as to issues upon which it has the burden of proof. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. As a result of Kimberly's failure to respond, Robert's affidavit attached to his motion stands as the single source of undisputed facts in this matter.
 {¶ 8} R.C. 1339.64(A)(1) provides that:
 {¶ 9} "Unless the judgment or decree granting the divorce, dissolution of marriage, or annulment specifically provides otherwise, and subject to division (A)(2) of this section, if the title to any personal property is held by two persons who are married to each other, if the title is so held for the joint lives of the spouses and then to the survivor of them, and if the marriage of the spouses subsequently is terminated by a judgment or decree granting a divorce, dissolution of marriage, or annulment, then the survivorship rights of the spouses terminate, and each spouse shall be deemed the owner of an undivided interest in common in the title to the personal property, that is in proportion to his net contributions to the personal property."
 {¶ 10} Robert's affidavit stated that he was the sole contributor to the funds of the joint bank account. Thus, despite the fact that Kimberly's name remained on the joint account, she was not entitled to any portion of the money because her net contributions to the account totaled zero dollars. There was no question of material fact that she withdrew the money without permission to do so. The trial court did not err when it granted Robert's summary judgment motion and ordered Kimberly to pay $6,879.96. Kimberly's assignment of error is overruled.
 {¶ 11} In Robert's cross-appeal, he raises a single assignment of error arguing that the trial court erred when it declined to award him treble damages and attorney fees as provided per R.C. 2307.61. We disagree.
 {¶ 12} R.C. 2307.61 states, in pertinent part, the following:
 {¶ 13} "If a property owner brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages from any person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property, the property owner may recover as follows:
 {¶ 14} "(1) In the civil action, the property owner may elect to recover moneys as described * * *:
 {¶ 15} "* * *
 {¶ 16} "(b) Liquidated damages in whichever of the following amounts is greater:
 {¶ 17} "(i) Two hundred dollars;
 {¶ 18} "(ii) Three times the value of the property at the time it was willfully damaged or was the subject of a theft offense, irrespective of whether the property is recovered by way of replevin or otherwise, is destroyed or otherwise damaged, is modified or otherwise altered, or is resalable at its full market price." (Emphasis added.)
 {¶ 19} The statutory language reveals that the court is not required to award treble damages in a civil action. The word "may" shall be construed as permissive absent any clear and unequivocal legislative intent that it should be construed contrary to its ordinary meaning. An award of liquidated damages as provided by R.C. 2307.61 rests within the sound discretion of the trial court. See Fulmer Supermarkets v.Whitfield (Jan. 5, 1988), Montgomery App. No. 10397; Stumps Ents., Inc.v. Loveless (Dec. 18, 1987), Montgomery App. No. 10449. Accordingly, to support a charge of abuse of discretion, Robert must show that the trial court's decision was arbitrary, unreasonable or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} The trial court had discretion to award or to refrain from awarding treble damages. The court decided not to award treble damages. We find that there is no evidence that the court's attitude was arbitrary, unreasonable or unconscionable.
 {¶ 21} The statute only provides that a plaintiff may recover reasonable attorney fees "[i]n a civil action in which the value of the property that was willfully damaged or was the subject of a theft offense is less than five thousand dollars." R.C. 2307.61(A)(2). Because the aggregate amount of Kimberly's withdrawal exceeded this limit, Robert is not entitled to receive attorney fees under this statute. Further, the statute provides only that the court "may" order fees. We find no abuse of discretion in failing to make such order. Robert's assignment of error is overruled.
 {¶ 22} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.