OPINION
{¶ 1} Appellants appeal the decision of the Richland County Court of Common Pleas, which granted summary judgment in favor of Appellees Willis G. and Sharon Prout.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case arises from two dog bite incidents involving an adult male rottweiler dog owned by Justin Robertson.
 {¶ 3} At the time of the incidents, Mr. Robertson resided at 239 Glessner Avenue in a rental unit owned by Appellees Willis and Sharon Prout. The Prouts own several rental units on Glessner Avenue which are adjacent to one another. Each rental unit is a single residence and has a yard for the exclusive use of each tenant. (W. Prout Affidavit).
 {¶ 4} The first dog bite incident occurred on June 11, 2003, and involved Taqiyy Johnson. Said incident occurred in a church parking lot adjacent to the property owned by Appellees. This incident was reported to and investigated by the Richland County Dog Warden. No notice was given to the Prouts that this dog was vicious or prone to attack.
 {¶ 5} The second dog bite incident took place on June 16, 2003. The victim in this incident was Lillian Webb, also a tenant of the Prouts, residing at 235 Glessner. Ms. Webb was proceeding through a neighboring tenant's yard when she was bitten. (L. Webb Affidavit). This other tenant, James Henderson lived at 208 Blymer Avenue in a unit also owned by the Prouts.
 {¶ 6} On November 8, 2004, Appellants Lillian Webb, Taqiyy Johnson, Steve Johnson and Karla Matthews filed a Complaint in the Richland County Court of Common Pleas against Appellees Willis Prout, Sharon Prout and co-defendant Justin Robertson alleging liability under R.C. 955.28 and common law negligence.
 {¶ 7} On July 28, 2005, Appellees filed a motion for summary judgment.
 {¶ 8} On November 21, 2005, the trial court granted summary judgment in favor of Appellees.
 {¶ 9} On December 12, 2005, Appellants filed a notice of appeal, raising the following sole Assignment of Error for review:
 ASSIGNMENT OF ERROR {¶ 10} "I. THE TRIAL COURT ERRED BY GRANTING DEFENDANTS/APPELLEES WILLIAM [SIC] AND SHARON PROUT'S MOTION FOR SUMMARY JUDGMENT."
 Standard of Review {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 12} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 13} It is based upon this standard that we review appellants' assignment of error.
 I. {¶ 14} In their sole Assignment of Error, Appellants argue the trial court erred in granting summary judgment in favor of Appellees. We disagree.
 {¶ 15} Appellants advance both strict liability under R.C.955.28(B) and common law negligence as theories to support their claims for damages from the attacks by the dog in the instant case.
 {¶ 16} To prevail on a common law claim, Appellant must show that Appellees harbored the dog with knowledge of its vicious tendencies. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 297,708 N.E.2d 285; see also, Cole v. Page (Feb. 11, 1994), Wood App. No. 93WD041.
 {¶ 17} R.C. 955.28(B) imposes liability only upon the owner, keeper or harborer of a dog that causes injury:
{¶ 18} "Dog may be killed for certain acts; owner liable fordamages
 {¶ 19} "* * *
 {¶ 20} "(B) The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property."
 {¶ 21} Thus, in order to maintain a strict liability cause of action under R.C. 955.28(B), the plaintiff must establish: 1) that the defendant was the owner, keeper, or harborer of the dog; 2) that the injury was proximately caused by the dog's actions; and 3) the monetary amount of damages sustained by the plaintiff.Thompson v. Irwin (Oct. 27, 1997), 12th Dist. No. CA97-05-101.
 {¶ 22} An "owner" is the person to whom a dog belongs, while a "keeper" has physical control over the dog. Flint v. Holbrook
(1992), 80 Ohio App.3d 21, 25, 608 N.E.2d 809. A "harborer" is one who has possession and control of the premises where the dog lives, and silently acquiesces to the dog's presence. Id.
 {¶ 23} It is well established that a lease agreement transfers both occupation and control of the subject premises to the tenant. Tackas at 297-298, 708 N.E.2d 285; and Holbrook
at 25, 608 N.E.2d 809.
 {¶ 24} In the present case, the trial court granted summary judgment in favor of Appellees on Appellants' R.C. 955.28 claim, holding that there was no genuine issue of material fact as to whether the Prouts were "harborers" of the dog. In so doing, the trial court found that there was no evidence presented from which to infer that the Prouts were in possession or control of either of the premises where the dog bites occurred nor possession or control of the premises where the dog was kept. Additionally, the trial court found that there was no evidence presented from which to infer that the Prouts had knowledge of the vicious propensities of the dog.
 {¶ 25} Accordingly, the relevant inquiry under the aforementioned standards is whether, construing the evidence most strongly in favor of Appellants, reasonable minds could conclude that Appellees were in possession or control of either of the premises where the dog bites occurred, or were in possession or control of the premises where the dog was kept, and/or had knowledge of the vicious propensities of the dog.
 {¶ 26} Upon review, we find that the evidence offered in opposition to Appellees' motion for summary judgment, even when viewed most favorably to Appellants, fails to show that Appellees harbored the subject dog.
 {¶ 27} There was no evidence establishing that the Prouts were in possession and control of the premises, the second essential element for landlord liability as a "harborer." Nothing in the record can overcome application of the general rule that the lease transferred possession and control of the premises to the tenants. See Flint v. Holbrook (1992), 80 Ohio App.3d 21,608 N.E.2d 809.
 {¶ 28} Furthermore, Appellants provided no evidence of prior knowledge on the landlords' part regarding the dog's vicious tendencies.
 {¶ 29} After reviewing the record and construing all inferences in appellant's favor, reasonable minds could only conclude that Appellees were not "harboring" the dog at the time of the incident.
 {¶ 30} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 31} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Boggins, J. Wise, P.J., and Gwin, J., concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.