OPINION
{¶ 1} Plaintiff-appellant, Janice Cross, appeals a decision of the Clermont County Court of Common Pleas granting summary judgment to defendants-appellees, Classic Collision Repair, Inc. ("Classic") and Sora's Towing, Inc. ("Sora").
 {¶ 2} On April 3, 1999, appellant was involved in an automobile accident. Her *Page 2 
minivan was damaged in the accident. It was towed by Sora to its premises in Milford, Ohio where the vehicle remained until April 12, 1999. While it was there, appellant observed the vehicle uncovered and unprotected from the elements. The vehicle was not watertight because of damages that occurred in the accident. As a result, appellant observed that water covered the floor of the vehicle to a depth of two inches.
 {¶ 3} On April 12, 1999, Sora towed the vehicle to Classic's facility also located in Milford. Upon receipt of the vehicle, Classic stored the vehicle inside its facility, keeping it protected from the elements. The vehicle was in Classic's possession for 39 days. On May 21, 1999, appellant picked up her vehicle from Classic. At that time, appellant signed a statement indicating that the repairs to damage caused by the accident were completed to her satisfaction. This authorized Classic to seek reimbursement from appellant's insurance company.
 {¶ 4} In March of 2002, appellant had an air quality investigation performed on the vehicle. Thereafter, appellant filed suit against Classic and Sora. The suit sounded in contract and tort. It alleged that Classic and Sora had a duty to care for the vehicle in a reasonable manner, that they breached the duty, and that appellant suffered personal injury, pain and suffering, disability, financial hardship, and inconvenience as a result of the negligence and breach of implied contract.
 {¶ 5} Classic and Sora filed separate motions for summary judgment that the trial court granted. Appellant appeals the trial court's decision, raising as her sole assignment of error that the trial court erred when it granted summary judgment in favor of Classic and Sora.
 {¶ 6} Summary judgment is appropriate under Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, *Page 3 
reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. This court reviews a trial court's decision granting summary judgment under a de novo standard of review. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. As the party seeking summary judgment, the moving party has the burden of establishing that no material facts are in dispute and that no genuine issues remain for trial. Van Fossen v.Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph seven of the syllabus. However, on each issue for which the party opposing summary judgment carries the burden of production at trial, that party must produce evidence in response to the summary judgment motion. Wing v.Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus. The nonmoving party is entitled to have all evidence construed most strongly in its favor. Civ.R. 56(C). Nonetheless, to show a genuine issue of material fact and to avoid summary judgment, the nonmoving party must produce some evidence on each issue for which it bears the burden of production at trial. Wing at paragraph three of the syllabus.
 {¶ 7} In order to establish a cause of action for negligence, appellant was required to establish (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 81, 2003-Ohio-2573, ¶ 8. Classic and Sora's motions for summary judgment argued that there was no genuine issue of material fact regarding whether there was any act or omission on the part of either that resulted in injury to appellant. Further, Classic and Sora argued that appellant could not show proximate causation between any act or omission and appellant's injuries. Appellant's affidavit to support her response to the motion alleged that she observed standing water in the vehicle while it was in the possession of Sora. Appellant's affidavit also stated that appellant had an air quality control test performed on the vehicle. Appellant attached the *Page 4 
results of the tests to the affidavit and stated in her affidavit that the test was positive for toxic mold. However, the trial court determined that evidence of the results of the mold test had not been properly authenticated and could not be introduced through appellant's affidavit. Appellant did not appeal this issue. The trial court granted the motion for summary judgment as to both Classic and Sora. With respect to the negligence claim, the trial court found that appellant had failed to demonstrate a genuine issue of material fact on the issues of duty, proximate causation, and damages. Because appellant must produce some evidence on each issue for which she bears the burden of production at trial to avoid summary judgment, a finding that the trial court did not err on any one of these issues would be sufficient to overrule appellant's assignment of error with respect to her negligence claim.
 {¶ 8} We find that appellant has failed to demonstrate a genuine issue of material fact with respect to the issues of damages and proximate causation. The trial court stated that appellant could not go forward with her claim because she had failed to offer evidence to show a link between the alleged breach of duty and any of appellant's alleged injuries. Appellant's complaint alleges that, as a "direct and proximate result of either or both [appellees'] negligence and breach of implied contract, [appellant] suffered personal injury, pain and suffering, disability, financial hardship, and inconvenience." However, appellant failed to present any evidence in her affidavit that she suffers from any personal injury, pain and suffering, disability, inconvenience, or financial hardship proximately caused by any acts of Classic and Sora since appellant has failed to show that she suffered from any of the injuries for which she requested damages. No evidence regarding any medical condition evidencing personal injury, pain and suffering, or disability was presented by appellant through her affidavit or otherwise. The results of the mold test, which appellant presumably intended to use to show proximate causation of physical injury, were excluded by the trial court. Furthermore, appellant has presented no evidence of inconvenience or financial *Page 5 
hardship by affidavit or otherwise. As such, the trial court did not err when it granted summary judgment to Sora and Classic with respect to the negligence claim.
 {¶ 9} Appellant also argues that the trial court erred in granting summary judgment with respect to her contract claim. The trial court found that appellant had failed to show the terms of any contract entered into with either Classic or Sora, a breach by either of them, or any resulting damages. As stated above, appellant has failed to present any evidence of any injury for which she requested damages. As such, the trial court did not err when it granted summary judgment on appellant's claims for breach of contract.
 {¶ 10} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1