SMEDLEY, Appellee,

v.

DISCOUNT DRUG MART, INC., Appellant.

[Cite as *Smedley v. Discount Drug Mart, Inc.*, 190 Ohio App.3d 684, 2010-Ohio-5665.]

Court of Appeals of Ohio,
Twelfth District, Fayette County.

No. CA2010–05–010.

Decided Nov. 22, 2010.

Michael L. Gibbons–Camp, for appellee.

Cavitch, Familo & Durkin Co., L.P.A., and Gregory E. O'Brien, for appellant.

---

RINGLAND, Judge.

{¶ 1} Defendant-appellant, Discount Drug Mart, Inc., appeals a decision of the Washington Courthouse Municipal Court granting summary judgment in favor of plaintiff-appellee, Clyde Smedley.

{¶ 2} Appellee suffers from arthritis and, as a result, appellee's doctor advised him to purchase a lift chair. On September 17, 2008, appellee went to the Drug Mart store located in Grove City accompanied by his daughter. Appellee presented a prescription from his physician indicating that he wished to acquire a lift chair. Appellee also indicated that he was a Humana Medicare Gold beneficiary. An associate at the pharmacy showed appellee the various models the store carried. Appellee selected an upholstered living room chair offered for $999.99. According to appellee, he inquired as to whether the chair would be covered by Medicare; and upon leaving the store, he believed that he would be reimbursed for most of the amount he had paid.

{¶ 3} Two days later, appellee returned to the store to pick up the chair. Appellee paid the balance of the purchase price, signed a "Drug Mart Home Health Care New Order Form," and presented his Humana Medicare insurance card. According to Drug Mart, the store associate who assisted appellee informed him that she "did not know if [Drug Mart] could bill Humana, but that she could try." Appellee took possession of the chair and departed from the store.

{¶ 4} Drug Mart submitted the claim to appellee's insurance. Humana processed the claim and issued a check for $330.71 as the amount payable under Medicare for a "lift device." Per appellee's plan, he was required to pay a $66.14 deductible/co-pay. As a result, Drug Mart reimbursed $264.57 to appellee. Appellee demanded that Drug Mart reimburse him for the balance of the purchase price, claiming that the Drug Mart associate had told him that Medicare would cover the entire cost of the chair and that he would not have purchased the chair had he known that he would be reimbursed only $264.57. Appellee filed suit against Drug Mart to recoup the balance. Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of appellee. Drug Mart appeals, raising two assignments of error. We will combine our discussion of Drug Mart's assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} "The trial court erred as a matter of law in finding that the transaction between Drug Mart and Smedley was for more than one item."

{¶ 7} Assignment of Error No. 2:

{¶ 8} "The trial court erred as a matter of law in finding a violation of the Balance Billing Act."

{¶ 9} In this case, appellee alleged violations of the Ohio Consumer Sales Practices Act and the Balance Billing of Medicare Beneficiaries regulations. The trial court in this case found Drug Mart liable under both theories of relief. The trial court concluded that a "lift chair" is two separate items: a lift device and a chair. The court found that the store should have provided "separate and distinct prices" for each item. Further, the court found that since "the two 'parts' of the chair are to be billed as separate items to Medicare, [Drug Mart] had an obligation to bill them as separate items at the time of sale." Since the store charged a single price for the "separate" items, without disclosing to appellee that he was purchasing separate items, Drug Mart engaged in an unfair or deceptive practice. Moreover, the court concluded that even if the "lift chair" was a single item, Drug Mart violated the balance-billing regulation because it charged appellee more than Medicare would reimburse for the chair.

{¶ 10} Drug Mart challenges the trial court's decision granting summary judgment in favor of appellee on both the Consumer Sales Practices Act and the balance-billing-regulation claims.

{¶ 11} On appeal, a trial court's decision granting summary judgment is reviewed de novo. *Burgess v. Tackas* (1998), 125 Ohio App.3d 294, 296, 708 N.E.2d 285. Summary judgment is proper when there is no genuine issue of material fact remaining for trial, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. See Civ.R. 56(C); see also *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The movant bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once this burden is met, the nonmovant has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id.

{¶ 12} For the purposes of this matter, "balance billing" refers to "charging or collecting from a medicare beneficiary an amount in excess of the medicare reimbursement rate for medicare-covered services or supplies provided to a medicare beneficiary * * *. 'Balance billing' does not include charging or collecting deductibles or coinsurance required by the program." R.C. 4769.01(B). Ohio's balance-billing statute states that "[n]o health care practitioner, and no

person that employs any health care practitioner, shall balance bill for any supplies or service provided to a medicare beneficiary." R.C. 4769.02. See also *Med Flight, Inc. v. Whites,* Crawford App. No. 3–04–08, 2004–Ohio–4005, 2004 WL 1717644, ¶ 13.

{¶ 13} Medicare beneficiaries receive coverage for items listed as "durable medical equipment" in the Medicare regulations. See Sections 1395m(a) and 1395x(n), Title 42, U.S.Code. A "lift chair" is not a piece of "durable medical equipment." Rather, the Medicare regulations provide, "With respect to a seat-lift chair, [the term 'durable medical equipment'] includes only the seat-lift mechanism and does not include the chair." Section 1395x(n), Title 42, U.S.Code.

{¶ 14} Since a "lift chair" is not "durable medical equipment," it is not a "supply or service" provided to a Medicare beneficiary. *Med Flight* at ¶ 15. As a result, the balance-billing statute does not apply to the lift chair in its entirety. Instead, the balance-billing provisions apply only to the lift mechanism incorporated into the chair. In this case, appellee received coverage in compliance with the Medicare regulations, i.e., he was fully reimbursed for the lift component of the chair, less his deductible. Further, appellee makes no allegation, nor submits any evidence, that he was overcharged or balance-billed for the lift portion of the chair by Drug Mart.

{¶ 15} Moreover, contrary to the trial court's findings, the purchase of a "lift chair" is not the purchase of two separate and distinct items. Rather, Medicare regulation Section 1395x(n), Title 42, U.S.Code, clearly concedes that purchasing a "seat-lift chair" is a single-item transaction. In enacting the regulations, the legislature recognized that a Medicare beneficiary would purchase a "seat-lift chair" as a fully-assembled single item. Yet, the legislature also concluded that Medicare would cover only the cost of the lift component, while the beneficiary assumes the burden of paying the remainder. In this case, the mere fact that a product is assembled from multiple components does not mean that each component must be separately itemized when purchased, nor must the components be offered individually. This type of arrangement, under which Medicare provides coverage for a certain purpose or a portion of a supply or service while excluding others, is not uncommon in the regulations. See, e.g., Sections 1395m, 1395n, and 1395x, Title 42, U.S.Code.

{¶ 16} Consistent with these regulations, Medicare is not separately billed for both the lift and chair, primarily because the chair portion is not covered by Medicare. Rather, when a lift chair is purchased, a claim is submitted to Medicare indicating that a beneficiary has purchased the item. Medicare then reimburses the beneficiary for the lift component.

{¶ 17} Appellee was purchasing a single item, a lift chair. Simply because appellee had a prescription or recommendation for a "lift chair" from his doctor, it does not mean that the item would automatically be covered by Medicare. The extent of coverage for items under Medicare is reflected in the regulations. We find Drug Mart's conduct, as it relates to the balance-billing statute, consistent with the Medicare regulations by reimbursing appellee the amount he was entitled to receive.

{¶ 18} Nevertheless, we must also address appellee's Ohio Consumer Sales Practices Act claim. The CSPA provides, "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. 1345.02(A). Neither party disputes that appellee is a "consumer" or that Drug Mart is a "supplier" under the statute.

{¶ 19} Appellee contends that Drug Mart deceived him with regard to purchasing the lift chair. Appellee claims that based upon his conversation with the store employee, he believed that Medicare would reimburse him for the entire amount of the lift chair. Specifically, in an affidavit, appellee explains, "At no point was I told * * * that I was paying a certain amount for one portion of my item and a certain amount for another portion. I was not told that Medicare would only cover a portion of my chair. * * * Had I been advised that Medicare would only cover a portion of my chair, I would not have selected to purchase that particular chair at that particular time. I believed that I would receive reimbursement for the full amount of the chair, minus my copay." Drug Mart specializes in the business of selling medical supplies and services, including lift chairs. Drug Mart is also familiar with Medicare billing. As a result, Drug Mart should be aware of the items and amounts Medicare typically reimburses for products and services sold at its stores and should not deceive or mislead customers when they are purchasing the products and services.

{¶ 20} In opposition, Drug Mart offers the "Discount Drug Mart Home Health Care Patient Progress Report" completed by the employee who assisted appellee during the transaction. The associate reported, "9/19/08—Pt. paid balance and picked up his chair and also gave me a Humana Card. I told him I did not know if we could bill Humana, but we could try." Drug Mart also relies upon the language of the contract signed by appellee, which states, "I acknowledge receipt of the above listed items as prescribed by my physician. I request payment be made and sent to Discount Drug Mart (DDM). * * * I also agree to be responsible for any outstanding balance left unpaid or denied by my insurance company."

{¶ 21} This evidence demonstrates the existence of a genuine issue of material fact in this case regarding whether Drug Mart deceived or misled appellee when he purchased the chair. Appellee claims that Drug Mart told him that he would be reimbursed for the entire purchase price, while Drug Mart claims that appellee was instructed that Medicare might not cover the item.

{¶ 22} Based upon the foregoing, Drug Mart's first and second assignments of error are sustained. Due to the Medicare regulations, appellee's claim against Drug Mart for violation of the balance-billing statute fails. Accordingly, the judgment of the trial court is reversed with regard to appellee's balance-billing claim, and summary judgment is granted in favor of Drug Mart on the matter.

{¶ 23} Although we find that the trial court erred by concluding that Drug Mart was deceptive for failing to separately itemize the transaction, a genuine issue of material fact remains regarding whether appellee was deceived or misled regarding insurance coverage during the purchase of the lift chair. Accordingly, appellee's claim under the Ohio Consumer Sales Practices Act is remanded for further proceedings consistent with this opinion.

Judgment accordingly.

BRESSLER, P.J., and HENDRICKSON, J., concur.