[Cite as *Lopiccolo v. Vidal*, 2012-Ohio-4048.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97150**

## ROSE MARY LOPICCOLO

PLAINTIFF-APPELLANT

vs.

## CARLOS VIDAL, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-726137

**BEFORE:**   Belfance, J., Whitmore, P.J., and Moore, J.*
(*Sitting by assignment: Judges of the Ninth District Court of Appeals)

**RELEASED AND JOURNALIZED:**   September 6, 2012

[Cite as *Lopiccolo v. Vidal*, 2012-Ohio-4048.]

**ATTORNEY FOR APPELLANT**

Samuel V. Butcher
12001 Prospect Road
Suite A-1
Strongsville, OH 44149


**ATTORNEY FOR APPELLEES**

Stephen C. Merriam
Law Office of Stephen J. Proe
7123 Pearl Road
Suite 304
Middleburg Heights, OH 44130

EVE V. BELFANCE, J.:

{¶1} Rose Lopiccolo appeals the trial court's award of summary judgment to Radojoe and Lubinka Nikolic. For the reasons set forth below, we affirm.

{¶2} Ms. Lopiccolo was watering the plants in her backyard when two dogs attacked her. She fended off the dogs but not before the dogs had bitten her. An investigation revealed that the two dogs allegedly belonged to the son of Ms. Lopiccolo's neighbor Tonya Vidal. Ms. Vidal rented the house next door to Ms. Lopiccolo from the Nikolics with her fiancé Jeff Russell.

{¶3} Ms. Lopiccolo subsequently filed a complaint against the Nikolics, Mr. Russell, Ms. Vidal, and her son, as well as against the girlfriend of Ms. Vidal's son and his girlfriend's father. Following discovery, the Nikolics moved for summary judgment, which the trial court granted on the basis that the Nikolics were not the owners, keepers, or harborers of the dogs.

{¶4} Ms. Lopiccolo has appealed, raising a single assignment of error for our review:

ASSIGNMENT OF ERROR

> The trial court erred in finding plaintiff, Rose Mary Lopiccolo, unable to meet her burden for both strict liability under Ohio's dog bite statute, O.R.C. 955.28(B), and her common law claim as to the liability of the defendant landlords, Radojoe Nikolic and Lubinka Nikolic, for injuries occurring as the result of a vicious dog bite attack, and in thus granting defendants' motion for summary judgment.

{¶5} Ms. Lopiccolo argues that there is a genuine issue whether the Nikolics "knew or should have known" that the dogs that attacked her were on their property and, therefore, there is a genuine issue of material fact whether the Nikolics harbored the dogs. Thus, she argues, the award of summary judgment was improper.

{¶6} A trial court's award of summary judgment is reviewed de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996); *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585 (8th Dist.1998). In *Zivich v. Mentor Soccer Club, Inc.,* 82 Ohio St.3d 367 (1998), the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* [ ], 73 Ohio St.3d 679 [(1995)], paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* [ ], 75 Ohio St.3d 280, 292-293 [(1996)].

*Id.* at 369-370.

{¶7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule

must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

**{¶8}** Ms. Lopiccolo makes a very limited argument on appeal. She argues that summary judgment was inappropriate because there was a genuine issue of fact whether the Nikolics knew or should have known that the dogs were being kept on the property, which, according to her, would make them harborers of the dogs for the purposes of R.C. 955.28(B) and common-law negligence. "[A] harborer is one who has possession and control of the premises where the dog lives, and silently acquiesces to the dog's presence." (Internal quotations and citations omitted.) *Burrell v. Iwenofu*, 8th Dist. No. 81230, 2003-Ohio-1158, ¶ 14. However, it is undisputed that the Nikolics leased the property to Ms. Vidal and Mr. Russell, and "the determination as to whether a landlord is a harborer does not depend upon whether the landlord knew about the existence of the dog, but depends on whether the landlord permitted or acquiesced in the tenant's dog being kept in common areas or in an area shared by both the landlord and the tenant." *Burgess v. Tackas*, 125 Ohio App.3d 294, 297 (8th Dist.1998). This is because "a lease transfers both

possession and control of the leased premises to the tenant." *Id.* at 297-298. *See also Burrell* at ¶ 15.

**{¶9}** Nothing in the record could support the conclusion that the dogs were kept in a common area of the property because Ms. Vidal and Mr. Russell leased the entire single-family lot. Thus, regardless of whether the Nikolics knew or should have known that the dogs were on the property, they could not be harborers of the dog under Eighth District jurisprudence because they did not have possession and control of the property. *See Burgess* at 297-298 (A trailer park entity is not liable under R.C. 955.28(B) or the common-law, regardless of knowledge of the dog's presence, unless the attack happened in a common area.) *See also Burrell* at ¶ 15, 17. Accordingly, based on Mr. Lopiccolo's limited argument on appeal, her assignment of error is overruled.

**{¶10}** Ms. Lopiccolo's assignment of error is overruled. The judgment of the Cuyahoga County Court of Common Pleas is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EVE V. BELFANCE, JUDGE

BETH WHITMORE, P.J., and
CARLA MOORE, J., CONCUR