[Cite as *Hall v. Zambrano*, 2014-Ohio-2853.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

RUTH A. HALL

    Appellant/Cross-Appellee

v.

ROSA ZAMBRANO, et al.

    Appellee/Cross-Appellant

C.A. No.     13CA0047

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    12-CV-0111

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

WHITMORE, Judge.

{¶1}  Plaintiff/Appellant, Ruth Hall, appeals from the judgment of the Wayne County Court of Common Pleas, granting summary judgment in favor of Meadowview Village, Inc. ("Meadowview").  Additionally, Defendants/Cross-Appellants, Rosa Zambrano and Maria Martinez, appeal from the judgment of the Wayne County Court of Common Pleas, finding them liable for Hall's injuries.  This Court reverses.

I

{¶2}  In September 2011, Hall, Martinez, and Zambrano lived in a mobile home park owned by Meadowview.  Martinez is Zambrano's mother, and the two of them lived together with a dog.  On September 17, 2011, Zambrano's brother, who was approximately 13 years old, was walking the dog on a leash when it got loose.  The dog charged Hall as she was walking through the mobile home park.  The dog circled Hall, and her feet became entangled in the leash.

Hall fell and sustained injuries to her head. Additionally, when Hall fell, the dog bit her, causing serious injuries.

{¶3} Hall filed suit against Meadowview, Martinez, Zambrano, and various other defendants who are not relevant to the resolution of this appeal. Meadowview filed a motion for summary judgment, and Hall responded in opposition. The court granted Meadowview's motion, finding that it was not liable for Hall's injuries because they occurred on the public roadway and not on Meadowview's property. Hall appeals this judgment, raising one assignment of error for our review.

{¶4} Hall filed a motion for summary judgment against Martinez and Zambrano. After providing time for them to respond, the court granted Hall's motion. In its judgment, the court scheduled a hearing on the issue of damages. Neither Martinez nor Zambrano appeared at that hearing. The court entered judgment against them in the amount of $50,000. Martinez and Zambrano now appeal and raise two assignments of error for our review.

II

Hall's Assignment of Error

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING MEADOWVIEW VILLAGE, INC. SUMMARY JUDGMENT.

{¶5} In her sole assignment of error, Hall argues that the court erred in granting summary judgment in favor of Meadowview on her claims of negligence and breach of contract.

{¶6} This Court reviews a trial court's decision to grant a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Burr v. Nationwide Mut. Ins. Co.*, 9th Dist. Lorain No. 12CA010231, 2013-Ohio-4406, ¶ 8.

**{¶7}** Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *See* Civ.R. 56(E); *Dresher* at 293.

**{¶8}** "There are two bases for recovery in Ohio for injuries sustained as a result of a dog bite: common-law and statutory." *Beckett v. Warren,* 124 Ohio St.3d 256, 2010–Ohio–4, ¶ 7. "[I]n a common-law action for bodily injuries caused by a dog, a plaintiff must show that (1) the defendant owned or harbored the dog, (2) the dog was vicious, (3) the defendant knew of the dog's viciousness, and (4) the dog was kept in a negligent manner after the keeper knew of its viciousness." *Id.* To raise a statutory cause of action for injuries caused by a dog bite, "the plaintiff must prove (1) ownership or keepership [or harborship] of the dog, (2) that the dog's actions were the proximate cause of the injury, and (3) the damages." (Citations omitted and alterations sic.) *Id*. at ¶ 11; R.C. 955.28. Under the statute, the plaintiff does not need to prove that the owner or harborer of the dog knew of the dog's viciousness or that the dog was kept in a negligent manner. *Id*. However, under both causes of action, the plaintiff must prove that the defendant was the owner, keeper, or harborer of the dog.

{¶9} "An owner is the person to whom the dog belongs. The keeper [is someone that] has physical charge or care of the dog." (Internal citations omitted.) *Bowman v. Stott*, 9th Dist. Summit No. 21568, 2003-Ohio-7182, ¶ 11. "A harborer is one who 'has possession and control of the premises where the dog lives, and silently acquiesces to the dog's presence.'" *Id.*, quoting *Khamis v. Everson*, 88 Ohio App.3d 220, 226 (2d Dist.1993). "Acquiescence is essential to harborship and requires some intent." *Uhl v. McKoski*, 9th Dist. Summit No. 27066, 2014-Ohio-479, ¶ 11, quoting *Jones v. Holmes,* 12th Dist. Butler No. CA2012–07–133, 2013–Ohio–448, ¶ 12.

{¶10} Generally, "a landlord out of possession is not the harborer of a tenant's dog for the purposes of dog bite liability." *Coontz v. Hoffman*, 10th Dist. Franklin No. 13AP-367, 2014-Ohio-274, ¶ 15. "However, landlords out of possession can be found liable for injuries caused by the animal kept on the leased premises by the tenant when the landlord has knowledge of the dangerous or vicious animal but fails to abate the hazard with sufficient time to do so." *Maggard v. Pemberton*, 178 Ohio App.3d 328, 2008-Ohio-4735, ¶ 9 (2d. Dist.). Still, "a landlord can and should be liable only if the dog attacks someone in the common areas or in the area shared by both the landlord and the tenant." *Burgess v. Tackas*, 125 Ohio App.3d 294, 297 (8th Dist.1998). *See also Young v. Robson Foods, Inc.*, 9th Dist. Lorain No. 08CA009499, 2009-Ohio-2781, ¶ 7, quoting *Stuper v. Young*, 9th Dist. Summit No. 20900, 2002-Ohio-2327, ¶ 13 ("For a landlord to be liable as a harborer for injuries inflicted by a tenant's dog, 'the plaintiff must prove that the landlord permitted or acquiesced in the tenant's dog being kept in the common areas or areas shared by the landlord and tenant.'").

{¶11} In September 2012, Hall filed a motion for partial summary judgment against Zambrano and Martinez and attached an affidavit in which she averred that "[a]t the time of the

attack, [she] was on the common property of the mobile home park." In July 2013, prior to the court ruling on Hall's motion, Meadowview filed a motion for summary judgment in which it stated that "Hall was attacked by a dog on a public road in front of [the mobile home park.]" In support of its statement, Meadowview cited to the depositions of Hall and Imogene Short. However, Hall's deposition was never filed with the trial court. While Short did testify that Hall was bitten by Martinez's dog while walking on a public road that runs through the mobile home park, the facts must be construed in a light most favorable to Hall, the non-moving party.

{¶12} Because there remains a dispute of fact as to whether Hall's injury occurred in a common area of the mobile home park, the court erred in granting Meadowview's motion for summary judgment on this basis. The court's judgment, with respect to Hall's common law action for injuries sustained by the dog bite, is reversed.

**Breach of Contract**

{¶13} To establish a claim under a breach of contract, the plaintiff must prove "the existence of a contract, performance by the plaintiff, breach by the defendant and resulting damage to the plaintiff." *Frees v. ITT Technical School*, 2d Dist. Montgomery No. 23777, 2010-Ohio-5281, ¶ 25, quoting *Winner Brothers, L.L.C. v. Seitz Elec., Inc.*, 182 Ohio App.3d 388, 2009-Ohio-2316, ¶ 31 (2d Dist.). "[I]f the promisee * * * intends that a third party should benefit from the contract, then that third party is an 'intended beneficiary' who has enforceable rights under the contact." *Hill v. Sonitrol of Southwestern Ohio, Inc.*, 36 Ohio St.3d 36, 40 (1988), quoting *Norfolk & Western Co. v. United States*, 641 F.2d 1201, 1208 (6th Cir.1980).

{¶14} Meadowview filed a motion for summary judgment on "the issue of its liability." However, in its memorandum in support, Meadowview made no mention of Hall's claim for breach of contract. Because Meadowview's motion sets forth no argument, supported by

citations to the record, as to why it is entitled to summary judgment on that claim, Meadowview did not meet its *Dresher* burden. *See Dresher*, 75 Ohio St.3d at 292-293 (The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.). The court erred in granting summary judgment to Meadowview on Hall's claim for breach of contract.

{¶15} Hall's sole assignment of error is sustained.

### Cross-Appellants' Assignment of Error Number One

THE TRIAL COURT ERRED AND VIOLATED THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION BY CONDUCTING A HEARING DEPRIVING ROSA ZAMBRANO AND MARIA MARTINEZ OF SUBSTANTIAL PROPERTY RIGHTS, WITHOUT THEIR NOTICE.

{¶16} In their first assignment of error, Zambrano and Martinez argue that their due process rights were violated when the court held a hearing to determine damages without notifying them. We agree.

{¶17} "Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, parties are entitled to reasonable notice of judicial proceedings and a reasonable opportunity to be heard." *Amir v. Werner*, 9th Dist. Summit No. 26174, 2012-Ohio-5863, ¶ 9.

{¶18} On August 13, 2013, the court entered a judgment granting summary judgment against Martinez and Zambrano. In that same order, the court set a date for a hearing on damages. The judgment entry does not contain language ordering the clerk of courts to serve the judgment on the parties, and there is no notation in the file to indicate that this judgment was

ever sent to the parties. Neither Martinez nor Zambrano appeared at the damages hearing, and the court found them to be liable to Hall for $50,000.

{¶19} Due process required that Martinez and Zambrano be given notice of the hearing and a reasonable opportunity to be heard before the court entered judgment against them. *See Equitable Ascent Fin. v. Ybarra*, 9th Dist. Lorain No. 12CA010190, 2013-Ohio-4282, ¶ 6. Because there is no evidence in the record that Martinez and Zambrano were notified of the damages hearing, we must vacate that award and remand for the trial court to hold a new hearing on damages.

{¶20} Cross-Appellants' first assignment of error is sustained.

<u>Cross-Appellants' Assignment of Error Number Two</u>

THE TRIAL COURT DEPRIVED ROSA ZAMBRANO AND MARIA MARTINEZ OF DUE PROCESS BY GRANTING THE PLAINTIFF AN AWARD IN EXCESS OF 10 TIMES ECONOMIC LOSS.

{¶21} In their second assignment of error, Zambrano and Martinez argue that the court erred in awarding excessive damages. In light of our resolution of their first assignment of error, their second assignment of error is moot, and we decline to address it.

III

{¶22} Hall's assignment of error is sustained. Martinez's and Zambrano's first assignment of error is sustained, and their second assignment of error is moot. The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs are taxed equally to Appellee/Cross-Appellant and Appellee.

BETH WHITMORE
FOR THE COURT

MOORE, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶23} I concur in most of the majority's judgment and analysis. With respect to Ms. Hall's assignment of error, I concur in the judgment. I agree that, based upon this Court's precedent concerning landlord-tenant dog-bite cases, there is a dispute of material fact that warrants reversal.

APPEARANCES:

BRYAN K. BARNARD, Attorney at Law, for Appellant/Cross-Appellee.

CRAIG REYNOLDS, Attorney at Law, for Appellee.

TODD B. KOTLER and JOSE ANTONIO IBORRA, Attorneys at Law, for Appellees/Cross-Appellants.