NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2219

L.H., A MINOR, BY AND THROUGH HIS NATURAL MOTHER AND LEGAL GRDN., K.H., APPELLEE, *v.* SUN SECURED FINANCING, L.L.C., APPELLANT, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *L.H. v. Sun Secured Financing, L.L.C.*, Slip Opinion No. 2026-Ohio-2219.]**

*R.C. 955.28(B)—R.C. 955.28(B) imposes strict liability on the "owner, keeper, or harborer of a dog" for "any injury, death, or loss to person or property that is caused by the dog" unless certain exceptions apply—To harbor a dog under R.C. 955.28(B), one must shelter, protect, or exercise control over it—Owner of manufactured-home community allowed residents to possess dogs in their dwellings and allowed leashed dogs in common areas but was not a harborer of a dog that caused injuries to a child, because there was no evidence that the owner sheltered, protected, or exercised control over the dog—Court of appeals' judgment reversed and trial court's judgment granting summary judgment to owner of manufactured-home community*

*reinstated.*

(No. 2025-0175—Submitted December 10, 2025—Decided June 17, 2026.)

APPEAL from the Court of Appeals for Montgomery County,

No. 30045, 2024-Ohio-5948.

_____

KENNEDY, C.J., authored the opinion of the court, which DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ., joined. FISCHER, J., dissented, with an opinion joined by BRUNNER, J.

**KENNEDY, C.J.**

**{¶ 1}** In this discretionary appeal from a judgment of the Second District Court of Appeals, we are asked to decide whether the owner of a manufactured-home community that allows leashed dogs in common areas was a "harborer" of a dog within the meaning of R.C. 955.28(B). If so, it is strictly liable for injuries a child suffered from a dog bite.

**{¶ 2}** We conclude that the owner of the manufactured-home community was not a harborer of the dog. The dog lived with and remained under the control of its owner, who was a resident of the manufactured-home community. Although the owner of the manufactured-home community allowed dogs in common areas under certain conditions, there is no evidence that it sheltered, protected, or exercised control over the dog that is the subject of this case. Therefore, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court granting summary judgment to the owner of the manufactured-home community.

## I. FACTS AND PROCEDURAL HISTORY

**{¶ 3}** On October 6, 2020, L.H., a minor, went to a playground in Oakwood Village, a manufactured-home community. Beth Ann Lake's dog was at the playground with Lake's son, who had tied the dog by its leash to a swing set. When

L.H. approached the dog, it bit him on the face. L.H. needed over 50 stitches to repair the wounds caused by the bite.

{¶ 4} As relevant here, L.H., by and through his natural mother and legal guardian, K.H., sued Lake and Sun Secured Financing, L.L.C. ("Sun"), the owner of Oakwood Village. L.H. alleged that Sun was a "harborer" of the dog that bit him under R.C. 955.28(B) and was therefore strictly liable for his injuries. Lake was served with the complaint but failed to answer, so the trial court granted a default judgment against her.

{¶ 5} L.H. and Sun filed cross-motions for summary judgment. The trial court granted Sun's motion for summary judgment, overruled L.H.'s motion, and entered judgment in favor of Sun.

{¶ 6} On L.H.'s appeal, the Second District reversed, holding that there was no genuine issue of material fact regarding whether Sun was a harborer of the dog that bit L.H. 2024-Ohio-5948, ¶ 16, 21 (2d Dist.). Because Sun had harbored the dog, the appellate court concluded, it could be held strictly liable under R.C. 955.28(B) for L.H.'s injuries. *Id.* The court of appeals therefore ordered that the matter be remanded to the trial court with instructions to grant L.H.'s motion for summary judgment against Sun. *Id.* at ¶ 22.

{¶ 7} Sun appealed, and this court agreed to consider the following two propositions of law: (1) "The [appellate] court erroneously interpreted the statutory term 'harborer' resulting in both clear error and an impermissible expansion of the scope of the law," and (2) "The [appellate court's] decision is inconsistent with [R.C.] Chapter 955 (Dogs) as a whole." *See* 2025-Ohio-1283.

{¶ 8} Because this case can be resolved on the first proposition of law, we do not need to reach the second.

## II.  LAW AND ANALYSIS

### A.  Standard of Review

{¶ 9} "Summary judgment may be granted when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."  (Cleaned up.)  *McConnell v. Dudley*, 2019-Ohio-4740, ¶ 18.  "This court's review of cases involving a grant of summary judgment is de novo."  *Harris v. Hilderbrand*, 2023-Ohio-3005, ¶ 23.

### B.  Strict Liability under R.C. 955.28(B)

{¶ 10} This case presents the straightforward question of what the word "harborer" means as used in R.C. 955.28(B).  "The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact."  *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus.  So, "[w]hen the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said," *Jones v. Action Coupling & Equip., Inc.*, 2003-Ohio-1099, ¶ 12, and apply the statutory language as written, *Summerville v. Forest Park*, 2010-Ohio-6280, ¶ 18.  We are mindful that "[w]hen a term is not defined in the statute, we use the term's plain and ordinary meaning."  *State v. Turner*, 2020-Ohio-6773, ¶ 18.

{¶ 11} R.C. 955.28(B) imposes strict liability on the "owner, keeper, or harborer of a dog" for "any injury, death, or loss to person or property that is caused by the dog" unless certain exceptions apply.  *See Harris* at ¶ 12.  This court has explained that "in an action for damages under R.C. 955.28, the plaintiff must prove (1) ownership or keepership [or harborship] of the dog, (2) that the dog's actions were the proximate cause of the injury, and (3) the damages."  (Bracketed text in original.)  *Beckett v. Warren*, 2010-Ohio-4, ¶ 11.

**{¶ 12}** The word "harborer" was inserted into the current version of the statute in 1987. *See* Am.Sub.H.B. No. 352, 142 Ohio Laws, Part II, 3431, 3438. It is not defined in R.C. Ch. 955, so we apply its plain and ordinary meaning. *See Turner* at ¶ 18. A definition of the word "harbor" contemporary to the enactment of the statute is "[t]o afford lodging to, to shelter, or to give a refuge to." *Black's Law Dictionary* (6th Ed. 1990). "Lodging" is defined as "a place to live" or "a place in which to settle or come to rest." *Webster's Third New International Dictionary* (1993). To "shelter" is "to provide with a home, security, refuge, temporary accommodation, or protection." *Id.* And a "refuge" is defined as a "shelter or protection from danger or distress." *Id.*

**{¶ 13}** Out-of-state courts that have addressed the plain meaning of the word "harbor" in the context of dog-bite statutes recognize that it "contemplates 'protecting' an animal, or 'undertak[ing] to control [its] actions.'" (Bracketed text in original.) *Bright v. Maznik*, 162 Idaho 311, 315 (2017), quoting *Markwood v. McBroom*, 110 Wash. 208, 211 (1920). It "involves some measure of care, custody, or control." *Steinberg v. Petta*, 114 Ill.2d 496, 501 (1986); *see also Falby v. Zarembski*, 221 Conn. 14, 19 (1992) ("To harbor a dog is to afford lodging, shelter or refuge to it."); *Black's Law Dictionary* (3d Ed. 1933) ("To 'harbor' a dog involves the idea of protection, and of treating it as living at one's house, and undertaking to control its actions."). Therefore, harboring an animal such as a dog denotes sheltering, protecting, or exercising control over it.

**{¶ 14}** Ohio's courts of appeals, however, "have consistently defined 'harborer' as someone who has possession and control of the premises where the dog lives and silently acquiesces to the dog's presence." *Ward v. Humble*, 2022-Ohio-3258, ¶ 13 (2d Dist.), citing *Vallejo v. Haynes*, 2018-Ohio-4623, ¶ 15 (10th Dist.). But acquiescing to the presence of a dog is something different than harboring it. To "acquiesce" is to give implied consent to a dog's presence "by one's mere silence, or without express assent or acknowledgment," *Black's* (6th

Ed. 1990). In contrast, harboring involves *actively* sheltering, protecting, or exercising control over a dog; it is not enough that someone else's dog is on a landowner's property.

{¶ 15} Here, Sun did not shelter, protect, or exercise control over Lake's dog, so it was not a harborer of it. Lake owned the dog, and she is the one who sheltered, protected, and exercised control over it. Sun did allow residents to have dogs live with them if the dog was not on Sun's restricted-breed list, and those dogs were permitted to enter the community's common areas like the playground. Sun's rules, however, required owners of dogs to exercise control over them, including within common areas, by keeping their dogs on a leash at all times and cleaning up after them. Moreover, there is no evidence that Sun provided dog houses or dog food in common areas. As a matter of law, then, Sun was not a harborer of Lake's dog under R.C. 955.28(B).

{¶ 16} For these reasons, summary judgment in favor of Sun was appropriate.

### III. CONCLUSION

{¶ 17} To harbor a dog under R.C. 955.28(B), one must shelter, protect, or exercise control over it. An owner of a manufactured-home community that allows residents to possess dogs in their dwellings and allows leashed dogs in common areas is not, by itself, a harborer of a dog. For this reason, Sun was not a harborer of Lake's dog, and the appellate court therefore erred when it held otherwise and concluded that Sun was strictly liable for L.H.'s injuries. Consequently, we reverse the judgment of the Second District Court of Appeals and reinstate the judgment of the trial court granting summary judgment to Sun.

Judgment reversed
and trial court's judgment reinstated.

_____

**FISCHER, J., joined by BRUNNER, J., dissenting.**

{¶ 18} For decades, courts across Ohio have held that a "harborer" of a dog is a person who has possession and control of the premises where the dog lives and silently acquiesces to the dog's presence. *See, e.g.*, *Ward v. Humble*, 2022-Ohio-3258, ¶ 13 (2d Dist.), citing *Vallejo v. Haynes*, 2018-Ohio-4623, ¶ 15 (10th Dist.), citing *Hilty v. Topaz*, 2004-Ohio-4859, ¶ 8 (10th Dist.). I would hold that a landlord may be considered a harborer of a dog under R.C. 955.28(B) if the landlord meets this widely accepted definition. Therefore, I would affirm the judgment of the Second District Court of Appeals. Because the majority opinion upends decades of caselaw by reversing the Second District's judgment, I dissent.

{¶ 19} When the law was enacted in 1900, it imposed strict liability on an "owner, owners or harborers" of a dog that caused injury to a person. R.S. 4212-2, H.B. No. 244, 94 Ohio Laws 118; *see also Kleybolte v. Buffon*, 89 Ohio St. 61, 64-65 (1913). In 1910, when the General Assembly enacted the General Code, *see* 1910 S.B. No. 2; H.B. No. 348, 101 Ohio Laws 39, the law was recodified as G.C. 5838 and imposed strict liability on an "owner or harborer" of a dog, *see Warner v. Wolfe*, 176 Ohio St. 389, 391 (1964). In 1951, the General Assembly eliminated the word "harborer" and instead imposed strict liability on an "owner or keeper" of a dog. Am.S.B. No. 12, 124 Ohio Laws 428, 430; *see also Hirschauer v. Davis*, 163 Ohio St. 105, 107 (1955); *Warner* at 390-391. In 1953, the law was recodified as R.C. 955.28. *See* Am.H.B. No. 1, 125 Ohio Laws 7; *Warner* at 390-391. In 1983, the Eighth District Court of Appeals rejected a strict-liability claim against a landlord for a dog bite caused by its tenant's dog because the landlord was not an "owner or keeper" of the dog. *Trenka v. Cipriani Invest. Co.*, 1983 WL 2635, *1-2 (8th Dist. Oct. 6, 1983). Four years later, the General Assembly amended the law to once again impose strict liability on a "harborer" of a dog. Am.Sub.H.B. No. 352, 142 Ohio Laws, Part II, 3431, 3438. The General Assembly's decision to add the word "harborer" back in to the law shortly after *Trenka* was decided

indicates that the legislature may have been responding to that decision and that the legislature intended for a landlord, under certain circumstances, to be considered a "harborer" of its tenant's dog.

{¶ 20} R.C. 955.28(B) now provides that an "owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog." The Sixth District Court of Appeals said the following in *Godsey v. Franz*:

> In Ohio, the terms "owner," keeper," and "harborer," are separately defined. "The 'owner' is the person to whom the dogs belong and the 'keeper' is the one having physical charge or care of the dogs." *Garrard v. McComas* ([10th Dist.] 1982), 5 Ohio App.3d 179, 182. Keepership has [a] proprietary or dominion aspect, and involves the exercise of some degree of management, possession, care, custody or control over the dog.
>
> In determining whether a person is a "harborer" of a dog, however, the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives.

(Citations omitted; emphasis deleted.) 1992 Ohio App. LEXIS 1087, *9 (6th Dist. Mar. 13, 1992).

{¶ 21} There is extensive caselaw in Ohio defining a "harborer" of a dog as a person who has "possession and control of the premises where the dog lives and silently acquiesces in the dog being kept there by the owner," *Vallejo*, 2018-Ohio-4623, at ¶ 15 (10th Dist.), citing *Hilty*, 2004-Ohio-4859, at ¶ 8 (10th Dist.). This definition has been applied in Ohio since at least 1945, *see Sengel v. Maddox*, 16 Ohio Supp. 137, 139-140 (C.P. 1945), and has been utilized by courts of appeals in

11 of Ohio's 12 appellate districts.[1]  This definition has also been adopted by the Ohio Jury Instructions, which defines "harborer" as "a person who has possession and control of the premises where the dog lives and acquiesces, silently or otherwise, to the dog's presence." *Ohio Jury Instructions*, CV § 409.01 (Rev. Jan. 28, 2023).

**{¶ 22}** This definition of "harborer" has been applied to landlords by courts throughout Ohio, and those courts have consistently held that a landlord is not liable as a harborer of a dog when the dog's attack on a person occurs in an area controlled solely by the tenant, rather than in a common area, because "[g]enerally, a lease transfers both possession and control of the leased premises to the tenant," *Ward*, 2022-Ohio-3258, at ¶ 13 (2d Dist.), citing *Vallejo* at ¶ 16; *see also Morris v. Cordell*, 2015-Ohio-4342, ¶ 11 (1st Dist.).  Importantly though, these courts also hold that a landlord *is* liable if the attack occurs in a common area over which the landlord maintains control.  *See, e.g.*, *Thompson v. Irwin*, 1997 Ohio App. LEXIS 4728, *6 (12th Dist. Oct. 27, 1997) ("a landlord's liability as a harborer for injuries inflicted by a tenant's dog is limited to those situations in which the landlord permitted the tenant's dog in common areas"), citing *Flint v. Holbrook*, 80 Ohio App.3d 21, 25 (2d Dist. 1992); *Brown v. Terrell*, 2018-Ohio-2503, ¶ 13 (9th Dist.) ("a landlord can and should be liable if the dog attacks someone in the common areas or in the area shared by both the landlord and the tenant"), citing *Hall v. Zambrano*, 2014-Ohio-2853, ¶ 10 (9th Dist.); *H.W. v. Young*, 2020-Ohio-1384,

---

1. This definition has been utilized by the First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, and Twelfth District Courts of Appeals.  *See Morris v. Cordell*, 2015-Ohio-4342, ¶ 10 (1st Dist.); *Flint v. Holbrook*, 80 Ohio App.3d 21, 25 (2d Dist. 1992); *Ward*, 2022-Ohio-3258, at ¶ 13 (2d Dist.); *Dilgard v. McKinniss*, 2024-Ohio-1106, ¶ 12 (3d Dist.); *Hill v. Hughes*, 2007-Ohio-3885, ¶ 17 (4th Dist.); *Kovacks v. Lewis*, 2010-Ohio-3230, ¶ 27 (5th Dist.); *Godsey* at *9-10 (6th Dist.); *Good v. Murd*, 2014-Ohio-2216, ¶ 10 (6th Dist.); *Weisman v. Wasserman*, 2018-Ohio-290, ¶ 10 (8th Dist.); *Burgess v. Tackas*, 125 Ohio App.3d 294, 297 (8th Dist. 1998); *Brown v. Terrell*, 2018-Ohio-2503, ¶ 8 (9th Dist.); *Vallejo* at ¶ 15 (10th Dist.); *Sizemore v. Spellman*, 1996 WL 649151, *2 (11th Dist. July 5, 1996); *Thompson v. Irwin*, 1997 Ohio App. LEXIS 4728, *6, 10-11 (12th Dist. Oct. 27, 1997); *Pangallo v. Adkins*, 2014-Ohio-3082, ¶ 12 (12th Dist.).  The Seventh District has apparently not addressed the definition of harborer.

¶ 23 (8th Dist.), quoting *Lopiccolo v. Vidal*, 2012-Ohio-4048, ¶ 8 (8th Dist.), quoting *Burgess v. Tackas*, 125 Ohio App.3d 294, 297 (8th Dist. 1998) (""""the determination as to whether a landlord is a harborer does not depend upon whether the landlord knew about the existence of the dog, but depends on whether the landlord permitted or acquiesced in the tenant's dog being kept in common areas or in an area shared by both the landlord and the tenant"""").

{¶ 23} These principles have been consistently cited over and over again by courts of appeals throughout the State of Ohio for decades. There may be valid policy reasons for wanting to limit a landlord's liability for its tenant's dog. But if Ohio wants to institute such a drastic change, it should come from the General Assembly. Therefore, I would affirm the judgment of the Second District Court of Appeals holding that a landlord may be liable as a harborer of its tenant's dog when it has possession and control of a common area and permits its tenant's dog to occupy that space and the dog causes injury to someone while in the common area, *see* 2024-Ohio-5948, ¶ 16 (2d Dist.). Because the majority concludes otherwise, I respectfully dissent.

_____

Dyer, Garofalo, Mann & Schultz, and John A. Smalley, for appellee.

FisherBroyles, L.L.P., David G. Kern, and William F. Dolan, for appellant.

_____